UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-cr-00055-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| PATRICK HANCOCK | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00055-TWP-MJD |
| ) | |
| PATRICK HANCOCK, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING EMERGENCY MOTION FOR COMPSSIONATE RELEASE**

This matter is before the Court on Defendant Patrick Hancock's ("Mr. Hancock") Emergency Request for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 117). In addition, Mr. Hancock has filed a Motion for Immediate Status Conference on his motion (Dkt. 142). Upon review of the complete briefing in this matter, the Court has determined that a hearing is not necessary, and Mr. Hancock's motion for a status conference is **denied**. For the reasons explained below, his motion for compassionate release is **denied**.[1]

### I.   BACKGROUND

In September 2022, Mr. Hancock pled guilty to Count One: unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 89 at 1.) In December 2021, law enforcement officers were dispatched to a Costco store on a report of a person impersonating a police officer. (Dkt. 108 at 14-15.) Officers located Mr. Hancock, who was wearing a Drug Enforcement Administration ("DEA") badge and carrying two pairs of handcuffs,

---

[1] The Court notes that despite Mr. Hancock's pending appeal, it maintains jurisdiction to rule on his motion for compassionate release. *United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) (cleaned up); see also Fed. R. Crim. P. 37(a).

a baton, and a Glock pistol in a holster. *Id.* at 15. The officers determined that Mr. Hancock had multiple prior felony convictions in his criminal history. *Id.* at 15-16.

Mr. Hancock faced an advisory guideline sentencing range of 24 to 30 months of imprisonment. (Dkt. 69 at 30.) The Court sentenced him to 48 months of imprisonment to be followed by 3 years of supervised release. (Dkt. 89 at 2, 3.) The Court determined an upward variance was appropriate based on the serious nature and circumstances of the offense, Mr. Hancock's personal history and characteristics—including his repeated illegal possession of firearms--to promote respect for the law, provide just punishment for the offense; the heightened need to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. (*Se*e Dkt. 108 at 71-80). The Bureau of Prisons ("BOP") lists Mr. Hancock's anticipated release date (with good-conduct time included) as August 11, 2025. https://www.bop.gov/inmateloc/ (last visited October 23, 2023).

Mr. Hancock filed his Emergency Request for Compassionate Release *pro se*. (Dkt. 117.) He argues extraordinary and compelling reasons for compassionate release because (1) he suffers from various debilitating medical conditions including seizures, multiple comas, obesity, hypertension, and loss of neurocognitive function putting his ability to walk at risk, (2) he has been assaulted by prison officials while incarcerated in the Indiana Department of Correction and the BOP, (3) he is at heightened risk of contracting COVID while incarcerated, and (4) he is not receiving adequate medical care, and his counsel was ineffective.[2] (Dkts. 117 at 1-2; 127 at 3-4; 137 at 9-10.)

---

[2] The Court notes that, to the extent that Mr. Hancock relies on ineffective assistance of counsel regarding his underlying sentence as establishing extraordinary and compelling reasons warranting release, (Dkt. 117 at 5), such allegation might form the basis for relief through other forms of post-conviction relief, but such allegation is not ground for a sentence reduction under § 3582(c)(1)(A).

3

The Government has filed, under seal, a response in opposition to the motion. (Dkt. 121.) The Government argues that Mr. Hancock poses a danger to the community if released early, and the factors contained in 18 U.S.C. § 3553(a) do not support his requested relief and Court should deny the motion in its entirety. *Id*. The Government argues that in this case, Mr. Hancock posed as a DEA agent and illegally possessed a firearm and when that firearm was seized, he attempted to purchase another firearm by lying about his criminal history. (Dkt. 121 at 11.) They also point out that Mr. Hancock's prior federal conviction involved him posing as an Immigration and Customs Enforcement agent to execute a fake arrest warrant on a nightclub dancer while illegally possessing a firearm. *Id.* Mr. Hancock also violated his supervised release in that case by fighting while in the community correction facility. *Id*. The Government argues these behaviors are clearly dangerous and the Court should deny the motion in its entirety.

Mr. Hancock filed a reply and several other submissions to the Court, (Dkts. 127, 130, 137, 138, 141). He also requests a status hearing on his compassionate release motion (Dkt. 142).

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Court of Appeals for the Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of

4

establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hancock first argues that he has established extraordinary and compelling reasons for his release because he was assaulted while in custody in the Indiana Department of Correction and the BOP. (Dkt. 137 at 1-2). The United States Sentencing Commission has adopted amended sentencing guidelines under which being a victim of abuse may, in certain circumstances, qualify the alleged abuse as an extraordinary and compelling reason for a sentence reduction. *See* U.S.S.G. 2023 Amendments, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last visited October 24, 2023). Those amendments will be effective beginning November 1, 2023, but, under those guidelines, a defendant must be the victim of assault committed "while in custody serving the term of imprisonment sought to be reduced." *Id.* This requirement is not met by Mr. Hancock's allegations. Each of the alleged assaults against Mr. Hancock occurred before his arrest in this matter while he was serving sentences resulting from prior convictions. Although recognizing the serious nature of Mr. Hancock's allegations, the Court need not examine whether Mr. Hancock has carried his burden to show that his alleged victimization while incarcerated is an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

Mr. Hancock fares better with his next contention and the Court will assume without deciding that his inability to provide self-care in prison due to his various medical conditions establishes an extraordinary and compelling reason for compassionate release.

The Court, nevertheless, finds that Mr. Hancock is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[3] Weighing in

---

[3] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and

his favor – he would have community support, a residence, and employment upon release. (Dkt. 137 at 10.) He completed his GED while incarcerated and engaged in BOP programming. (Dkt. 142-1 at 5.) Weighing against him, Mr. Hancock committed a serious crime and has an extensive criminal history including nine prior felony convictions. (Dkt. 69 at 7–11.) In addition to the firearm conviction in this matter, Mr. Hancock was previously convicted of being a felon in possession of a firearm in the Northern District of Indiana in 2018. *Id.* at 11–12. When sentenced in this case, the Court was aware of many of Mr. Hancock's medical issues, but nonetheless determined that a sentence of 48 months was appropriate based on the § 3553 factors. Finally, Mr. Hancock is not scheduled to be released until August 2025; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Hancock early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.   CONCLUSION

For the reasons stated above, Mr. Hancock's Emergency Request for Compassionate Release, Dkt. [117], and his Motion for Immediate Status Conference, Dkt. [142], are **DENIED**.

---

to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**SO ORDERED.**

Date: 1/3/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Hancock, #16952-027
Federal Medical Center Lexington
P.O. Box 14500
Lexington, Kentucky  40512

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE
abhishek.kambli@usdoj.gov