UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-cr-00055-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| PATRICK HANCOCK | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cr-00055-TWP-MJD |
| PATRICK HANCOCK, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

This matter is before the Court on Defendant Patrick Hancock's ("Mr. Hancock") Renewed Request for Emergency Compassionate Release and Request for Immediate Hearing, and a Supplement to Motion for Compassionate Release (Dkt 150) under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 149.) For the reasons explained below, his motion is **denied**.

**I.    BACKGROUND**

In December 2021, law enforcement officers were dispatched to a Costco store on a report of a person impersonating a police officer. (Dkt. 108 at 14–15.) Officers located Mr. Hancock, with a handgun on a holster outside his pants and a Drug Enforcement Administration badge around his neck and a Glock pistol in the holster. *Id.* at 15. The officers determined that Mr. Hancock had multiple prior felony convictions in his criminal history. *Id.* at 15–16. On April 5, 2022 Mr. Hancock was Indicted for Count 1: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and Count 2: False Statement in Connection with the Acquisition of a Firearm. (Dkt. 13.)

Mr. Hancock pled guilty to Count One on September 8, 2022.  (Dkt. 84.)  He faced an advisory guideline sentencing range of 24 to 30 months of imprisonment.  (Dkt. 69 at 30.)  The Court sentenced him above guideline, to 48 months of imprisonment followed by 3 years of supervised release.  (Dkt. 89 at 2, 3.)  The Court determined an upward variance was appropriate based on the serious nature and circumstances of the offense, Mr. Hancock's personal history and characteristics, his very lengthy criminal history of fraudulent conduct — including impersonating law enforcement while committing other crimes—to promote respect for the law, provide just punishment for the offense; the heightened need to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.  (*See* Dkt. 108 at 71-80.)

Mr. Hancock filed his first emergency motion for compassionate release in March 2023 (Dkt. 117).  He argued extraordinary and compelling reasons for compassionate release because (1) he suffers from various debilitating medical conditions including seizures, multiple comas, obesity, hypertension, and loss of neurocognitive function putting his ability to walk at risk, (2) he has been assaulted by prison officials while incarcerated in the Indiana Department of Correction and the Bureau of Prisons ("BOP"), (3) he is at heightened risk of contracting COVID while incarcerated, and (4) he is not receiving adequate medical care, and his counsel was ineffective. (Dkts. 117 at 1-2; 127 at 3-4; 137 at 9-10.)  The Court denied his motion, assuming without deciding that his inability to provide self-care in prison established an extraordinary and compelling reasons for release, but denied the motion because the sentencing factors under 18 U.S.C. § 3553 did not weigh in his favor.  (Dkt. 144.)

On September 10, 2024, Mr. Hancock filed the instant Renewed Request for Emergency Compassionate Release and Request for Immediate Hearing. The envelope postmarked September 4, 2024 shows that the was mailed from the Marion County Jail on that date and received in the

3

U.S. District Court on September 10, 2024. (Dkt. 149-1). In his motion, he asserts that he left FMC Lexington to go to VOA-Brandon House on Capitol Avenue, Indianapolis, Indiana on August 7, 2024. Thereafter, Marion County Sheriff's Deputies picked him up and took him to the Marion County Jail. (Dkt. 149 at 1). He contends that he is not getting all of his medication or mental health treatment. *Id.* at 2. He argues extraordinary and compelling reasons for compassionate release because (1) his mental and physical health are deteriorating, and (2) he is improperly being held at the Marion County, Indiana Jail. *Id*.

Mr. Hancock then filed supplement to his motion for compassionate release postmarked from the Marion County Jail on September 24, 2024, and received by the Court on September 26, 2024. Dkt. 150. In his supplement, he contends that his placement in the Marion County Jail is contrary to BOP policy. *Id.* at 1. He maintains that his medical condition is serious and that he is being denied critical medical treatment. *Id.* at 1–2. He states that he wishes to enter a halfway house to address his medical issues and begin re-entering society. *Id.* at 3. He also states that he is entitled to good time credit that he is not receiving. *Id.* at 1, 3.

Based on his postmarks, Mr. Hancock was for a time housed in the Marion County Jail, however, it appears that he has been transported from the Marion County Jail into the custody of the BOP. A search of the Marion County Jail database shows that Mr. Hancock is not currently located in that facility. http://inmateinfo.indy.gov/IML (last visited September 30, 2024). Rather, the BOP database lists Mr. Hancock as located at FCI Elkton in Lisbon, Ohio. https://www.bop.gov/inmateloc/ (last visited September 27, 2024). His anticipated release date (with good-conduct time included) is reported as March 4, 2025. *Id.*

The Court concludes that it can resolve the motion without a response from the Government.

4

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

At the time when he filed his motion, Mr. Hancock argues he was being improperly held in the Marion County Jail. (Dkt. 149 at 1.) He states that there are no open cases against him. *Id.* In his supplement he explains that the jail is not providing him proper medication and the conditions are terrible. Mr. Hancock is plainly challenging his confinement in county jail. If, in fact, he is (or was) being held in the Marion County Jail, compassionate release is not the proper avenue of relief for such a claim. *See United States v. Musgraves*, 2022 WL 2072848, at *2 (S.D. Ill. June 9, 2022), aff'd, 2023 WL 4340704 (7th Cir. July 5, 2023) ("The correct vehicle to

5

challenge a conviction or sentence is 28 U.S.C. § 2255 or, in some circumstances, 28 U.S.C. § 2241."). For this reason, the Court finds that Mr. Hancock has not met his burden to show an extraordinary and compelling reasons for his release, whether considered on its own or in combination with any other reason.

Mr. Hancock next argues that the same medical conditions which he previously argued establish extraordinary and compelling circumstances in his prior motion, continue to create such circumstances and are in fact getting worse. (Dkt. 149 at 2.) Though Mr. Hancock presents no evidence that his condition has deteriorated since his last motion was denied, the Court will once again assume without deciding that such conditions create extraordinary and compelling reasons for release from the federal sentence he is currently serving.

However, the Court nevertheless finds that Mr. Hancock is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor[1]. The Court weighed these factors in its prior order denying compassionate release as follows:

> Weighing in his favor – he would have community support, a residence, and employment upon release. (Dkt. 137 at 10.) He completed his GED while incarcerated and engaged in BOP programming. (Dkt. 142-1 at 5.) Weighing against him, Mr. Hancock committed a serious crime and has an extensive criminal history including nine prior felony convictions. (Dkt. 69 at 7–11.) In addition to the firearm conviction in this matter, Mr. Hancock was previously convicted of being a felon in possession of a firearm in the Northern District of Indiana in 2018. *Id.* at 11–12. When sentenced in this case, the Court was aware of many of Mr. Hancock's medical issues, but nonetheless determined that a sentence of 48 months was appropriate based on the § 3553 factors.

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

(Dkt. 144 at 5–6.). Mr. Hancock has provided no new information which would alter the Court's prior determination regarding his medical conditions.

Mr. Hancock's release date is in March 2025, with good conduct. In May 2024 he reports being released to a BOP work release program. The Court acknowledges Mr. Hancock's assertion that he is not aware of why he was taken to the Marion County Jail. However, it appears that he has returned to the BOP facility where his medical needs can be addressed. In light of the considerations addressed in this Order, the Court finds that releasing Mr. Hancock from the sentence imposed by this Court early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

As for Mr. Hancock's request for immediate hearing, that request is **denied** because a hearing is not required on compassionate release motions. and the instant motion can be resolved without a hearing.

### III.   CONCLUSION

For the reasons stated above, Mr. Hancock's Renewed Request for Emergency Compassionate Release and Request for Immediate Hearing, Dkt. [149], is **DENIED**.

**SO ORDERED.**

Date: 10/4/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Hancock, #16952-027
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

Colin Clark
UNITED STATES ATTORNEY'S OFFICE
colin.clark@usdoj.gov

Cristina Caraballo-Colon
DOJ-USAO
cristina.caraballo.colon@usdoj.gov